IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VIKON INTERNATIONAL, INC.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:08-CV-1942-L** |
| | § | |
| **SENSORLOGIC, INC.**, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Sensorlogic Inc.'s Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) & (6), filed November 24, 2008. After careful consideration of the motion, briefs, response, reply, record, and applicable law, the court **grants in part** and **denies in part** Defendant Sensorlogic Inc.'s Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) & (6).

**I.     Procedural and Factual Background**

This case arises from a copyright infringement dispute. Plaintiff Vikon International, Inc. ("Plaintiff" or "Vikon") created specialized technology that monitors, updates, and controls equipment and systems by wireless communications. It offers sign management services to government agencies that allowed messages on road signs, such as the Amber alert, to be wirelessly programmed and altered from a centralized location.  Vikon developed the initial versions of its sign management system technology in house. As part of the research and development of its technology, Vikon negotiated with Defendant Sensorlogic Inc. ("Defendant" or "Sensorlogic") for

**Memorandum Opinion and Order- Page 1**

access to Sensorlogic's M2M portal application, which would enable it to offer its sign management system without making a significant information technology investment. Vikon also negotiated for Sensorlogic to perform the engineering design work necessary for its hardware communication system to operate on the M2M portal.

In March 2004, to further their negotiations, Vikon entered into a Mutual Non-Disclosure Agreement ("Non-Disclosure Agreement") with Sensorlogic. The purpose of the Non-Disclosure Agreement was to protect the unauthorized disclosure and use of confidential information regarding Vikon's technology and business information.

In May 2004, Vikon entered into a work-for-hire agreement (the "Contract") with Sensorlogic. Pursuant to the Contract, Sensorlogic was to provide Vikon with all the engineering development designed for it, and Vikon was to pay a $40,000 engineering development fee and monthly device management fees. Sensorlogic also agreed to maintain the confidential information it possessed about Vikon, including information regarding Vikon's technology and customers. Sensorlogic further agreed to secure any intellectual property rights to which Vikon was entitled for the engineering development Sensorlogic designed for it, provided that Vikon paid the reasonable costs for such assistance. In accordance with the Contract, Sensorlogic wrote the firmware and portal software as specified by Vikon and provided the firmware code to Vikon. Vikon then copyrighted the firmware code. Although Sensorlogic never provided the portal software code to Vikon, according to Vikon, Sensorlogic represented that it registered the portal software code with the United States Copyright Office on Vikon's behalf.

In March 2006, Sensorlogic disabled Vikon's portal because Vikon failed to pay $14,000 in invoiced charges. Because Sensorlogic refused to enable the portal after Vikon requested it to

do so, on October 31, 2008, Plaintiff filed suit against Sensorlogic. Plaintiff alleges that Sensorlogic refused to turn over all the engineering development it designed for Vikon, despite repeated assurances that it would. It also alleges that Sensorlogic used Vikon's engineering development and technology with at least two companies and continues to use it, that Sensorlogic contacted Vikon's customers, and that Sensorlogic disclosed names of Vikon's suppliers, all in violation of the Contract. Plaintiff seeks relief for breach of contract, negligent misrepresentation, trade secret misappropriation, business disparagement, conversion, tortious interference, copyright infringement, and unjust enrichment. It also seeks a declaratory judgment.

On November 24, 2008, Defendant filed a motion to dismiss each of Plaintiff's causes of action, except business disparagement. It contends that Plaintiff fails to state a claim upon which relief can be granted and that the court lacks subject matter jurisdiction over Plaintiff's claim for copyright infringement. Plaintiff contends that it states a claim for which relief can be granted with respect to each cause of action pleaded and that the court has subject matter jurisdiction over its copyright infringement claim.

**II.     Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Defendant moves to dismiss Plaintiff's copyright infringement claim and contends that the court lacks subject matter jurisdiction over the claim. Vikon contends that the court has subject matter jurisdiction over the claim based on public policy.

    **A.     Standard for 12(b)(1) - Subject Matter Jurisdiction**

A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C.

§§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Registration with the copyright office is a jurisdictional prerequisite to filing a copyright infringement suit. *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

**B.     Discussion**

Defendant contends that the court lacks subject matter jurisdiction over Vikon's copyright infringement claim because Vikon failed to allege that it registered the portal software with the United States copyright office and because such registration is a jurisdictional prerequisite to filing a copyright infringement suit. Vikon counters that its failure to register the portal software was caused by Defendant's refusal to turn over the portal software code and that public policy should not prevent it from bringing its copyright infringement claim. Vikon concedes that there is no authority or case law establishing that the court should ignore this jurisdictional prerequisite based upon public policy. The court is not persuaded by Vikon's public policy argument because there

**Memorandum Opinion and Order- Page 4**

is no legal basis for it. Furthermore, the court herein determined that Vikon is not entitled to the portal software. Therefore, Vikon cannot maintain any causes of action based on its entitlement to the portal software, and its failure to register the software is of no moment. Because Plaintiff failed to register the portal software, the court lacks subject matter jurisdiction over this portion of Plaintiff's copyright infringement claim, and Defendant is entitled to dismissal of this claim to the extent it is based upon the portal software.

### III.     Defendant's Motion to Dismiss for Failure to State a Claim

Defendant contends that Vikon fails to state a claim for negligent misrepresentation and misappropriation because these claims are not separate and independent torts that differ from Vikon's breach of contract claim. Defendant also contends that Vikon fails to state a claim for declaratory judgment, copyright infringement, breach of contract, negligent misrepresentation, trade secret misappropriation, and unjust enrichment because these claims are largely based on Vikon's alleged entitlement to the portal software and the Contract does not vest Vikon with any rights to the portal software code. Vikon counters that it alleges sufficient facts to support causes of action of action for negligent representation and misappropriation that are separate and independent from its breach of contract claim. Vikon also argues that it alleges sufficient facts to state a claim for its causes of action related to the portal software. The court addresses each cause of action in turn.

#### A.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180

(5th Cir. 2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions*. R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005)

(citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B. Discussion

#### 1. Breach of Contract

Defendant contends that Vikon's claim for breach of contract should be dismissed to the extent that it is based on the portal software because the Contract does not entitle Vikon to the portal software. Vikon counters that it states a valid claim for breach of contract because the Contract entitles it to "engineering development," which includes the portal software code. It contends that Sensorlogic breached the Contract when it refused to provide the portal software code.

To state a claim for breach of contract, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l v. Egle Group*, LLC, 490 F.3d 380, 387 (5th Cir. 2007) (citation omitted) (relying on Texas law). [*] The only element about which there is a dispute is whether Sensorlogic breached the Contract.

Vikon's claim for breach of Contract is based in part on Defendant's refusal to turnover the portal software code, which Vikon alleges is included in the term "engineering development." Sensorlogic contends that the portal software code is not included in the term "engineering development." Therefore, the viability of Plaintiff's breach of contract claim depends upon the

---

[*] Because Plaintiff's claims for breach of contract, negligent misrepresentation, trade secret misappropriation, and unjust enrichment are not claims that are governed by the United States Constitution or acts of Congress, state law governs these claims. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Therefore, the court analyzes these claims using Texas law.

**Memorandum Opinion and Order- Page 7**

meaning of the term "engineering development." Because Plaintiff attached a copy of the Contract to its Complaint, the court construes the Contract as a matter of law. *See Neville v. Am. Republic Ins. Co.*, 912 F.2d 813, 814 (5th Cir. 1990). "In construing a written contract, the primary concern of the court is to ascertain the intentions of the parties as expressed in the instrument." *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). "Ordinarily, all parts of the contract are to be taken together, and such meaning shall be given to them as will carry out and effectuate the intention of the parties." *General Indem. Co. v. Pepper*, 339 S.W.2d 660, 661 (Tex. 1960).

The introduction of the Contract reads as follows:

> Thank you for offering us the opportunity to work with you to provide you with a wireless telemetry application platform on which you can build and offer your sign management and locating service to government agencies. This letter is our proposal for providing you that service using our M2M Portal. We are also proposing to perform the engineering design work for you to enable your hardware communications system to operate in your intended mode.

Pl.'s Original Compl. Ex. A. The Contract then specifies Sensorlogic's duties with respect to the portal service and its duties with respect to the engineering development. Under the heading "M2M Portal Service," the Contract provides that "Sensorlogic will host the M2M Portal application and will provide access to the application over the Internet through standard Web browsers." *Id*. Under the heading "Engineering Development," the Contract describes Sensorlogic's engineering development responsibilities and lists the specific engineering activities that Sensorlogic would perform for Vikon that compromise "engineering development."

The plain language of the Contract reflects that Defendant is merely hosting its M2M Portal to enable Vikon to operate its sign management system. The opening paragraph of the Contract reflects that the parties intended that Sensorlogic would provide Vikon a wireless platform for

Vikon's sign management application by offering it the use of Sensorlogic's M2M Portal. *See id.* ("Thank you for offering us the opportunity to . . . provide you with a wireless telemetry application platform on which you can build and offer your sign management service to government agencies."). That the parties separated Sensorlogic's duties regarding hosting the portal application from its duties with respect to the engineering development reinforces the parties' intent that the portal software was separate from the engineering development required to enable Vikon to use the software. The parties' intent that the portal software remain separate from the engineering development is also reflected by their failure to list tendering the portal software code as an engineering activity within "engineering development." Therefore, the court determines that the portal software is not included in the term "engineering development." This interpretation effectuates the parties' intent that Sensorlogic host the M2M Portal application for Vikon, not tender the code to the application to Vikon. Based on this interpretation, Vikon is not entitled to the portal software code. Accordingly, to the extent Vikon seeks the portal software, it has not alleged sufficient facts that, if true, would establish a claim for breach of contract, and Defendant is entitled to dismissal of this portion of Plaintiff's breach of contract claim.

    **2.  Declaratory Judgment**

  Defendant contends that Vikon's claim for declaratory judgment should be dismissed to the extent that Vikon seeks the portal software because Vikon is not entitled to it under the Contract. Vikon responds that the Contract vests it with the right to the portal software because Defendant agreed to provide Vikon with all the "engineering development" for a "working end-to-end sign management system," which could not operate without the portal software. Because the court herein determined that the Contract does not vest Vikon with the right to the portal software code, Vikon

**Memorandum Opinion and Order- Page 9**

is not entitled to a declaration that it owns the portal software code. Therefore, Plaintiff's claim for declaratory judgment will be dismissed to the extent it seeks the portal software code.

### 3. Negligent Misrepresentation

Defendant moves to dismiss Vikon's claim for negligent misrepresentation on three separate bases. The court determines that each is an independent ground that entitles Defendant to dismissal of this claim and analyzes each ground as an alternate basis for dismissal. First, Defendant contends that the claim should be dismissed to the extent it seeks the portal software code because Vikon is not entitled to the code under the Contract. Plaintiff responds that Sensorlogic negligently represented that it was going to provide the portal software code and that it copyrighted the portal software code with the United States Copyright office on Vikon's behalf.

To state a claim for negligent misrepresentation under Texas law, a plaintiff must show the following:

> (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

*Federal Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). The court herein determined that the term "engineering development" does not include the portal software code; therefore, Vikon is unable to establish that Defendant supplied false information when it stated that it would produce all the engineering development but refused to produce the portal software code. With respect to the copyright of the portal software code, Vikon alleges that "Sensorlogic represented to Vikon that it registered the code with the United States Copyright Office, but did not

in fact do so." Pl.'s Original Compl. ¶ 19. Vikon also alleges that when it "discovered that Sensorlogic failed to register the code as it had represented, Vikon retained counsel to determine what needed to be done to resolve the problem." *Id*. Vikon fails to plead that it justifiably relied on Sensorlogic's alleged representations regarding the registration of the portal software code. Moreover, based on Vikon's allegations, it appears that rather than relying on Sensorlogic's alleged representation, it sought the advice of counsel when it discovered that Sensorlogic had not registered the code. Therefore, Vikon fails to plead enough facts to state a claim that is plausible on its face for negligent misrepresentation, and Sensorlogic is entitled to dismissal of this claim.

Second, Defendant contends that the economic loss that Plaintiff alleges as a result of Defendant's alleged misrepresentation is to the subject matter of the contract, and that Plaintiff is therefore only entitled to relief under its breach of contract claim. Vikon counters that the misrepresentations are a separate and independent tort that differ from its breach of contract claim because the negligent misrepresentation claim is based on the continued subsequent statements that Defendant would produce the engineering development and that it registered the portal software code.

Under Texas law, the general rule is that a party may only maintain a tort claim in addition to a claim for breach of contract if the tort claim is independent of the contract claim. *Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). The test to determine whether a tort claim is independent of a contract claim is as follows:

> If the defendant's conduct would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claim may also sound in tort. Conversely, if the defendant's conduct would give rise only to liability because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract. In determining whether the plaintiff may recover on a tort theory, it is also instructive to examine the nature of the

**Memorandum Opinion and Order- Page 11**

> plaintiff's loss. When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract.

*Id.*

Vikon contends that its negligent misrepresentation claim is based on Defendant's continued statements that it would provide all the engineering development to Vikon and that it copyrighted the portal software code, when it had not. Defendant's alleged misrepresentation gives rise to liability only because, under the Contract, Vikon is entitled to both the engineering development that Sensorlogic created for it and Sensorlogic's assistance in securing all intellectual property rights to the engineering development. Furthermore, the actual damages and out of pocket expenses that Plaintiff seeks as a result of Defendant's alleged misrepresentations are a subset of those that Plaintiff seeks as a result of its breach of contract claim. *See* Pl.'s Original Compl. ¶ 20. Therefore, Plaintiff's negligent misrepresentation claim is not independent of its breach of contract claim, and Plaintiff may not maintain this tort claim in addition to its breach of contract claim. Accordingly, Sensorlogic is entitled to dismissal of this claim.

Third, Defendant contends that Plaintiff's claim for negligent misrepresentation should be dismissed because it is based on future conduct rather than an existing fact. A negligent misrepresentation claim contemplates a misstatement of an existing fact, not a promise of future conduct. *Allied Vista Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Vikon's claim for negligent misrepresentation is based on statements by Sensorlogic that it "would produce" all the engineering development created for Vikon. Therefore, the claim for negligent representation is not based on an existing fact, but a promise to do a future act. Accordingly, with respect to this alleged misrepresentation, Vikon has not alleged sufficient facts

**Memorandum Opinion and Order- Page 12**

that, if true, would establish a claim for negligent misrepresentation, and Sensorlogic is entitled to dismissal of this portion of the claim.

### 4. Trade Secret Misappropriation

Defendant contends that Vikon's trade secret misappropriation claim should be dismissed to the extent that it is based on the portal software because Vikon is not entitled to the portal software under the Contract. Defendant contends that the remainder of Vikon's claim, which is based on the engineering development, should be dismissed because it sounds in contract rather than in tort. Vikon counters that its trade secret misappropriation claim is independent of its breach of contract claim.

With respect to Vikon's trade secret misappropriation claim based on the portal software, Defendant contends that Vikon's claim should be dismissed to the extent that Vikon seeks the portal software because Vikon is not entitled to it under the Contract. The court herein determined that the Contract does not vest Vikon with rights to the portal software code. Therefore, Defendant has not misappropriated the portal software as alleged in the Plaintiff's Original Complaint because Plaintiff is not entitled to it. Accordingly, Plaintiff fails to state a claim for trade secret misappropriation with respect to the portal software code.

With respect to the remainder of Vikon's claim based on the engineering development, Defendant contends that the claim is barred because the loss alleged is not independent from Vikon's breach of contract claim. Plaintiff counters that its claim for misappropriation is not based upon a breach of the Contract, but upon Defendant's improper appropriation and subsequent use of Vikon's engineering development for its own purposes.

As previously stated, under Texas law, the general rule is that a party may only maintain a tort claim in addition to a claim for breach of contract if the tort claim is independent of the contract

**Memorandum Opinion and Order- Page 13**

claim. *DeLanney*, 809 S.W.2d at 494. Vikon alleges that "[b]y using Vikon's engineering development without authorization, Sensorlogic has wrongfully appropriated such property in violation of the Contract, the Non-Disclosure Agreement, and Texas law." Pl.'s Original Compl. ¶ 57. Although the conduct alleged may breach the contract between the parties, it could also violate Texas law. *See K & G Oil Tool & Serv. Co. v. G & G Fishing Tool Serv.*, 314 S.W.2d 782, 787 (Tex. 1958) (recognizing state law claim for trade secret misappropriation). Therefore, the injury alleged by Vikon for the trade secret misappropriation is independent of the injury alleged for the breach of contract. Accordingly, Plaintiff states a valid claim for trade secret misappropriation to the extent the claim is based on the engineering development.

### 5.     Unjust Enrichment

Plaintiff alleges that Defendant was unjustly enriched when it refused to provide Plaintiff with the engineering development. Defendant contends that Plaintiff's claim for unjust enrichment fails to the extent that Vikon seeks the portal software code because it is not entitled to the code under the Contract. Plaintiff counters that it is entitled to the portal software code because the Contract includes portal software in the term "engineering development."

Under Texas law, a claim for unjust enrichment lies when one has "obtained a benefit of another by fraud, duress, or the taking of an undue advantage." *First Union Nat'l Bank v. Richmont Cap. Partners I, L.P.*, 168 S.W.3d 917, 931 (Tex.App.–Dallas 2005, no pet.). The court determined herein that the Contract does not vest Plaintiff with rights to the portal software code. Therefore, Sensorlogic did not obtain a benefit by fraud, duress, or the taking of undue advantage when it failed to provide Vikon with the portal software code. Accordingly, Plaintiff fails to state a claim for unjust enrichment with respect to the portal software, and Defendant is entitled to dismissal of this portion of Plaintiff's claim.

**Memorandum Opinion and Order- Page 14**

### 6. Copyright Infringement

Defendant contends that Vikon's copyright infringement claim should be dismissed to the extent that Plaintiff seeks the portal software code because Vikon is not entitled to it under the Contract. Plaintiff counters that it is entitled to the portal software code because the term "engineering development" includes the portal software. Because Defendant's argument under Rule 12(b)(1) is dispositive of Plaintiff's copyright infringement claim, the court does not analyze Defendant's Rule 12(b)(6) argument with respect to this claim.

### 7. Tortious Interference and Conversion

Defendant contends that Vikon's claims for tortious interference and conversion should be dismissed because they fail to state claims for which relief can be granted. In response, Vikon withdrew these claims. Pl.'s Resp. 2. Therefore, Plaintiff's claims for tortious interference and conversion are no longer before the court, and the court does not address them further.

## IV. Amendment of Pleadings

With respect to Plaintiff's claims for breach of contract, declaratory judgment, trade secret misappropriation, unjust enrichment, and copyright infringement, which are based on Plaintiff's alleged entitlement to the portal software, the court made a determination based on interpretation of the Contract terms, specifically the term "engineering development" and related matters. With respect to Plaintiff's entire negligent misrepresentation claim, the court's determination is based upon legal impediments to the claim. The court has made a determination as a matter of law, and there are no additional facts that Plaintiff can allege to assert a claim for negligent misrepresentation or any claim based upon the portal software. Accordingly, amendment of the pleadings with respect to these claims would be futile, and the court therefore declines to permit such amendment.

**V.     Conclusion**

For the reasons herein stated, the court determines that, to the extent that Plaintiff seeks the portal software, it fails to state a legally cognizable claim for breach of contract; declaratory judgment; trade secret misappropriation; unjust enrichment; and copyright infringement. Therefore, the court **grants** Defendant Sensorlogic Inc.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) with respect to this portion of these claims and **dismisses** them **with prejudice** to the extent Plaintiff seeks the portal software. Because Plaintiff states a valid claim for trade secret misappropriation to the extent the claim is based on the engineering development, the court **denies** Defendant Sensorlogic Inc.'s Motion to Dismiss with respect to this portion of the claim.

The court also determines that Plaintiff fails to state a legally cognizable claim for negligent misrepresentation. Therefore, the court **grants** Defendant Sensorlogic Inc.'s Motion to Dismiss with respect to this claim and **dismisses** it **with prejudice**. The court further finds that it lacks subject matter jurisdiction over Plaintiff's copyright infringement claim to the extent Plaintiff seeks the portal software. Therefore, the court **grants** Defendant Sensorlogic Inc.'s Motion to Dismiss Pursuant to Federal Rules of Civil procedure 12(b)(1) & (6) with respect to this portion of the claim and **dismisses without prejudice** Plaintiff's copyright infringement claim to the extent Plaintiff seeks the portal software. Because Plaintiff withdrew its claims for tortious interference and conversion, these claims are no longer before the court. Therefore, the court **denies as moot** Defendant Sensorlogic Inc.'s Motion to Dismiss with respect to Plaintiff's tortious interference and conversion claims.

**It is so ordered** this 12th day of August, 2009.

                                        Sam A. Lindsay
                                        United States District Judge